[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13125

_____

BENARVIS JOHNSON,

Plaintiff-Appellant,

*versus*

ALBERT LEWIS, individually,

RAEBURN GOODSON, individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:19-cv-02374-MHC

_____

Before WILLIAM PRYOR, CHIEF JUDGE, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

We have had the benefit of oral argument and have carefully reviewed the briefs and the relevant parts of the record. For the reasons explored at oral argument, and summarized below, we conclude that the judgment of the district court granting summary judgment in favor of defendants Lewis and Goodson should be affirmed.

We write only for the benefit of the parties who are familiar with the relevant facts. Thus, we relate the facts only to the extent necessary to make our rulings understandable. This case concerns an altercation between plaintiff Johnson and Sheriff Deputies Lewis and Goodson arising out of the attempt by Lewis to arrest plaintiff for refusing to comply with the rule providing that electronic tablets could not be used inside the courtroom, after repeated advice to plaintiff about the rule and after Lewis's warning that he could be arrested for obstruction.

The district court granted summary judgment in favor of both officers, Lewis and Goodson. Of the several claims below, on appeal plaintiff essentially raises only two. First, plaintiff argues that the district court erroneously granted summary judgment in favor of Officer Lewis on plaintiff's claim unreasonable seizure in violation of the Fourth Amendment. In this regard, plaintiff argues that

his arrest was unlawful, and, under Georgia law, he had a right to resist the unlawful arrest.  Second, we construe plaintiff's brief on appeal as attempting to raise an excessive force claim in violation of the Fourth Amendment based on Officer Lewis's use of deadly force.[1]

## I.  Plaintiff's Fourth Amendment Unreasonable Seizure Claim Against Officer Lewis

The district court ruled that the arrest by Lewis for obstruction under O.C.G.A. § 16-10-24(a) was unlawful (or that there were genuine issues of material fact in that regard) because it was not clear that there was a lawful rule prohibiting the use of electronic tablets in the courtroom.  Under Georgia law, "a person who knowingly and willfully obstructs or hinders any law enforcement officer . . . in the lawful discharge of his or her duties shall generally

---

[1] Plaintiff also argues in his brief on appeal that Officer Goodson failed to intervene to stop the violation of his rights by Officer Lewis.  However, the district court held that plaintiff had abandoned a failure to intervene theory. Dist. Ct. Doc. 38, at 30.  Plaintiff does not challenge that ruling of the district court.  In any event, our careful review persuades us that plaintiff's claims against Officer Goodson have been abandoned, and/or are without merit for the same reasons that his claims against Lewis are.

Plaintiff also argues on appeal that the district court should not have remanded plaintiff's state law claims to the district court, assuming we reverse the district court's summary judgment in favor of the Officers on the federal claims.  Because we affirm with respect to the federal claims appealed, we of course leave undisturbed the district court's remand of the state law claims.

4                    Opinion of the Court                    20-13125

be guilty of a misdemeanor." *See* O.C.G.A. § 16-10-24(a).  The district court ruled that the element—"lawful discharge of his . . . duties"—was not satisfied because it was not clear that the rule Lewis was enforcing was an actual, lawful rule.  The district court discounted the fact that there were multiple signs prohibiting the use of electronic tablets inside the courtroom, because the signs cited no authority, and because another Sheriff Deputy testified that use of such devices was up to the discretion of the judge.

We disagree with that ruling of the district court.  Whether or not the rule evidenced by the multiple signs was actually authorized by the appropriate person or entity is not dispositive; it is sufficient for probable cause if the circumstances would "cause a person of reasonable caution to believe a criminal offense has been or is being committed." *Gates v. Khokhar*, 884 F.3d 1290, 1298 (11th Cir. 2018) (quoting *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010)).  And for purposes of qualified immunity, arguable probable cause exists when a reasonable officer in the same circumstances and possessing the same knowledge as a subject officer could have believed that probable cause existed to arrest. *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). We conclude that the multiple signs clearly prohibiting the use of electronic tablets inside the courtroom provide ample evidence indicating that a reasonable officer could have believed that the signs were properly authorized, and that probable cause existed to arrest.  There is no evidence that Officer Lewis, or a reasonable officer standing in his shoes, would have believed that the signs were unauthorized.  The

fact that some judges might not enforce, or strictly enforce, such a rule does not suggest that the rule that appeared on the signs was not properly authorized.

Thus, we affirm the judgment of the district court, granting summary judgment in favor of Officer Lewis with respect to plaintiff's Fourth Amendment unreasonable seizure claim, albeit on the above, different ground from the ground relied upon by the district court. We turn now to the second claim raised by plaintiff on appeal.

## II.  Plaintiff's Excessive Force Claim Against Officer Lewis

Plaintiff argues that Officer Lewis used excessive force when he shot plaintiff in the buttocks while the two men were wrestling. To the extent plaintiff is basing this claim on a lack of authority to arrest, we have held there was authority to arrest so any such claim must fail. Although plaintiff's briefing is far from clear, we construe his claim as based on the Fourth Amendment's protection against an objectively unreasonable use of force in effecting an otherwise lawful arrest. Officer Lewis employed the use of deadly force, so the standard is the objective reasonableness standard set forth in *Graham v. Connor*, 4990 U.S. 386 (1929), and its progeny. The test is based on the totality of the circumstances, and the reasonableness is judged from the perspective of a reasonable officer under the circumstances and with the knowledge possessed by the subject officer.

We agree with the district court's disposition of this claim. In the light of the plaintiff's striking Officer Lewis in the face with his left arm, his violent resistance to the lawful arrest, including getting Lewis in a headlock at one point, and in particular in light of the reasonable perception of Officer Lewis that plaintiff was tugging at his duty belt and attempting to reach his gun or another weapon, we conclude that Officer Lewis reasonably believed that plaintiff posed a threat of serious physical harm to the officers and others in that crowded hallway of the courthouse. Under these circumstances, we agree with the district court that it was objectively reasonable for Officer Lewis to shoot plaintiff once in the buttocks. And certainly, plaintiff has fallen far short of demonstrating a violation of clearly established law.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**